STONE, Judge.
We affirm an order entered by the Board of Psychological Examiners denying Appellant’s application for a Florida license. Appellant is licensed to practice as a psychologist in North Carolina. He has previously been the subject of disciplinary action in that state and was given a public reprimand. The basis for his public reprimand was a failure to exercise proper safeguards and care with respect to a client’s use of medication. There were also charges of sexual misconduct which were not acted upon in North Carolina.
This is the third time that Appellant has applied for Florida licensure. The first application was denied for reasons not relevant here. The second was denied when the board discovered that Appellant had been disciplined in North Carolina. On his second application, Appellant answered “no” to a question asking whether his license had ever been “suspended, revoked, or otherwise acted against” in another state, (emphasis added). The ground for denying the second application was that the North Carolina reprimand was an action against his license which Appellant fraudulently concealed from the board. No appeal was taken from that decision.
Several months later Appellant applied for the third time. In this application he checked the box “yes” concerning prior action against his license and explained why he had given the earlier negative answer. The board then issued a notice of intent to deny his application citing four reasons: (1) that the reprimand was an action against his license, (2) the earlier misrepresentation, (3) *1236 the other North Carolina allegations of sexual misconduct, and (4) that his licensure would pose a threat to the health, safety and welfare of the public.
Appellant disputed the grounds itemized in the notice of intent to deny. He filed a request for a formal evidentiary hearing and submitted a supplemental statement to his application. In this statement, he addressed the board’s concerns about his perceived lack of candor and misrepresentation on the second application, and about the sexual misconduct allegations. The board agreed with Appellant that disputed facts remained to be resolved as to some issues, and narrowed the proposed grounds for denial to a single ground set out in a supplemental order and notice of intent to deny the application. The sole ground for denial remaining before the board was that the applicant had been reprimanded in North Carolina, and that a reprimand is an “action against” a license. Section 490.009(l)(a), Florida Statutes, the Psychological Services Act, authorizes the board to deny the application of an applicant whose license has been “acted against” in another state.
The board denied Appellant’s request for a formal hearing on the notice as amended because if the matter was resolved on the sole ground remaining in the order, there were no longer any disputed issues of fact to be resolved by a hearing officer. However, the board did grant Appellant an “informal” hearing on the proposed denial in accordance with section 120.57(2), Florida Statutes. Appellant did not, and does not, appeal the denial of the formal hearing because he acknowledges that there were no remaining issues of fact and therefore no grounds for a formal hearing on the supplemental notice of intent to deny.
At the informal hearing Appellant, represented by counsel, encouraged an exchange of questions, answers, and comments in an effort to satisfy the board that he was entitled to licensure. However, he now asserts that a formal hearing is mandated because several of the members’ questions or comments went beyond the limited issue presented to the board, whether to deny the application because his North Carolina license had been “acted against.” Appellant also contends that a public reprimand is not an “action against” his licensure and therefore his failure to disclose it cannot be a misrepresentation to the board.
The procedure to be followed by an agency in considering a license application is established in section 120.60, Florida Statutes, incorporating the hearing provisions of section 120.57. It is clear that a formal hearing is required where there are disputed dispositive facts. But in this case there was no dispute concerning the sole issue before the board, which was set forth in the notice, at the hearing, and in the final order as the only basis for the denial.
We have reviewed the record and conclude that although some of the comments and questions of individual board members, as well as the answers and comments by Appellant and his counsel, concerned the factually disputed charges, there was never any question that the formal issue pending before the board was the impact of the North Carolina reprimand on his application. Nor does the board’s written final order go beyond that single issue, with respect to which there are no factual disputes. No evidence was presented to the board, other than by Appellant’s voluntary statements, concerning any other issue. The record reflects that Appellant, in an obvious effort to impress the board with his candor, and with mitigation, voluntarily addressed any concerns of the board members as to the disputed issues.
It is undisputed that Appellant’s claim to an evidentiary hearing is not founded on anything that was requested or occurred before the informal hearing. His claim is based solely on speculation that some individual board members erroneously relied on the disputed facts that came up in the informal exchange, notwithstanding the clear charge to the board, both by its counsel and its chairperson, as confirmed by its final order, that the only basis for denying the application was the North Carolina action against his license.
We also find no error in the board’s construction of its governing statute as including a public reprimand, here for jeopardizing *1237 patients’ health and safety, as “action against” a license. As to any other issues raised, we also find no reversible error.
HERSEY and GLICKSTEIN, JJ., concur.